1 | Name: Joshua Medellin
2 | Address: 4654 East Ave S #171
3 | Palmdale, CA 93552
4 | Phone: (661) 212-5222
5 | Plaintiff In Pro Per

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Joshua Medellin,

PLAINTIFF,

vs.

Kimball Tirey & St. John LLP

DEFENDANT(S).

Case No: CV12-8751 (To be supplied by the Clerk)

COMPLAINT FOR:

Jury Trial Demanded

## I. JURISDICTION

1. This Court has jurisdiction under The Fair Debt Collection Practices Act 15 U.S.C § 1601, et seq, and The Fair Credit Reporting Act 15 U.S.C § 1681, et seq. The state of California abides by and adheres to these laws. Thus establishing the Jurisdiction of this honorable court.

Pro Se Clinic Form

01

Page Number

LODGED
CLERK, U.S. DISTRICT COURT
OCT 12 2012
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

## II. VENUE

2. Venue is proper pursuant to 28 U.S.C § 1391 because the events given rise to this complaint happened in this district.

## III. PARTIES

3. Plaintiff's name is Joshua Medellin. Plaintiff resides at: 13000 Murphy Lane, Juniper Hills, California 93553.

4. Defendant Kimball Tirey & St. John LLP resides at: 7676 Hazard Center Drive, Suit 900-C San Diego, CA 92108-4515

5. Defendant The Defendant is a 3rd party debt collector.

## IV. STATEMENT OF FACTS

6. The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendants. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question here. But the fact as to how it was or was not validated and the wrongful actions of the Defendant in inserting erroneous and inaccurate information and failure to indicate the account is in dispute in the Plaintiffs credit reports, violated the civil rights of the Plaintiff and the law as outlined in The Fair Credit Reporting Act 15 USC §1681.

7. On or about April 16, 2012 the Defendant contacted the Plaintiff by U.S. mail indicating they had purchased and or transferred an account from Ironwood Management, LLC. That statement indicated that "If this debt is not satisfied promptly, the debt may be reported to all major credit bureaus as a collection account." This statement overshadowed the plaintiff and violates the Fair Debt Collection Practices Act 15 USC §1692g. By not informing the plaintiff that he had 30 days to dispute the debt.

8. The Plaintiff contacted the Defendant by U.S. Postal Service Certified Mail Return Receipt on May 15, 2012 which the Defendant received on May 16th, 2012 asking for Verification of this alleged account. The Defendant failed to verify according to the Fair Debt Collection Practices Act 15 USC §1692g since the verification sent by the defendant was under another's name. Knowing that the alleged Verification is under another's name the defendant failed to cease and desist and threatened the plaintiff under the Fair Debt Collection Practices Act 15 USC §1692e.

9. The Plaintiff requested a copy of his Credit Report from Experian on May 15, 2012 after being denied an apartment lease from Lauren Chacon due to a derogatory mark on his credit report. Upon inspection of the said report the Plaintiff observed that Kimball, Tirey & St. John LLP had reported erroneous and inaccurate information on the plaintiffs credit report on the Plaintiffs TransUnion credit report. Indicating a debt/account due to Longhorn Pavilion Apartments as of April 2012 overshadowing the plaintiff's right to dispute and/or allowing 30 days to dispute the debt under the Fair Debt Collections Act 15 USC §1692g.

10. The derogatory erroneous and inaccurate information still remains on the Plaintiff's Credit report to date. The Plaintiff has requested confirmation/ disputed this alleged account with TransUnion on several occasions and TransUnion has confirmed that they are reporting it correctly as advised by Kimball, Tirey & St. John. The Defendant must also inform notice of dispute to the Major Credit Reporting agencies that the alleged debt is in dispute, which the Defendant has not done. The Defendant has continued reporting erroneous and inaccurate information by updating the Plaintiffs credit report for four months

11. even after sending the Defendant a letter of request of verification the accounts have been updated to-date. The Defendant is in violation of the Fair Fair Credit Reporting Act 15 U.S.C. § 1681s-2.

# V. CAUSES OF ACTION

## FIRST CAUSE OF ACTION

( Violation of FDCPA: False or Misleading Representations )
*insert title of cause of action*

**(As against Defendant(s):** 15 USC 1692e

12. Plaintiff re-alleges the allegations set forth in paragraph 7 The Plaintiff has 30 days to respond to this alleged account and the statement "If this debt is not satisfied promptly, the debt may be reported to all major credit bureaus as a collection account" indicates that the Plaintiff must contact them immediately as opposed to the 30 days as allowed by law.

13. (5) The threat to take any action that cannot be legally be taken. (10) The use of any false representation or deceptive means to collect attempt to collect any debt or to obtain information concerning a consumer.

14. The Plaintiff demands judgement in the amount of $1000.00.

## SECOND CAUSE OF ACTION

( Violation of Fair Debt Collection Practices Act: Validation of Debt )
*insert title of cause of action*

(As against Defendant(s): 15 USC § 1692g

)

15. Plaintiff re-alleges allegations set forth in paragraphs 8 through 11
The Plaintiff contacted the Defendant by U.S. Postal Service Certified Mail
Return Receipt on May 15, 2012 which the Defendant received on May 16th,
2012 asking for Verification of this alleged account. The Defendant failed to
verify since the alleged verification sent was under another's name.

16. (b) If the consumer notifies the debt collector in writing within the
the 30 day period described in subsection (a)that the debt, or any portion thereof,
is disputed, or that the consumer requests the name and address of the original
creditor, the debt collector shall cease collection of the debt, or any disputed
portion thereof, until the debt collector obtains verification of the debt or any

17. copy of a judgement, or name and address of the original creditor, is
mailed to the consumer by the debt collector.
The Defendant provided erroneous proof of the alleged account and performed
continuous collection. This remains in the Plaintiffs credit report to date.
Plaintiff demands judgement in the amount of $6,000.00

06
*Page Number*

Pro Se Clinic Form

## THIRD CAUSE OF ACTION

( Violation of FCRA: Reporting erroneous and inaccurate information )
*insert title of cause of action*

**(As against Defendant(s):** 15 U.S.C. § 1681s-2

)

18. Plaintiff re-alleges allegations set forth in paragraphs 15 through 17

(a) Duty of Furnishers of Information to Provide Accurate Information
(1) Prohibition (A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to

19. believe that the information is inaccurate. (B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer reporting agency if (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the

20. information is, in fact, inaccurate. (2) Duty to correct and update information. A person who (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agency about the person's transactions or experiences with any consumer; and (B) has furnished to a consumer reporting agency information that the person determines is

Pro Se Clinic Form

21. not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate. (3)Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting is disputed to such person by a consumer, the person may not furnish the

22. information to any consumer reporting agency without notice that such information is disputed by the consumer.

Kimball Tirey & St. John LLP on the Experian, Trans Union, and Equifax credit reports of Plaintiff does not reflect that the information disputed by the consumer even though the Plaintiff has sent a letter of validation/ dispute to the Defendant and the Defendant responded with proof with a name that the plaintiff has not, nor ever has gone by.

23. The Defendant has reported the debt to Equifax and Trans Union credit reporting agencies from April 2012 to October 2012 and reported to Experian credit reporting agencies from July 2012 to October 2012. The Plaintiff demands judgement for $18,000.00.

# FOURTH CAUSE OF ACTION

( Violation of FCRA: Failure to mark account in dispute )
*insert title of cause of action*

(As against Defendant(s): 15 U.S.C. § 1681s-2 )

24. Plaintiff re-alleges allegations set forth in paragraphs 18 through 23

(a) Duty of Furnishers of Information to Provide Accurate Information (1) Prohibition (A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to

25. believe that the information is inaccurate. (B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer reporting agency if (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the

26. information is, in fact, inaccurate. (2) Duty to correct and update information. A person who (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agency about the person's transactions or experiences with any consumer; and (B) has furnished to a consumer reporting agency information that the person determines is

27. is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate. (3)Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a

28. consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer (b) Duties of Furnishers of Information upon Notice of Dispute (1) In general. After receiving notice pursuant to section 611 (a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall (A) conduct an investigation with respect to the disputed information; (B)review all relevant information provided by the consumer

29. reporting agency pursuant to section 611(a)(2) [§1681i]; (C)report the results of the investigation to the consumer reporting agency; (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. (2)Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before

30. the expiration of the period under section 611(a)(1) [§ 1681i] within which the consumer reporting agency is required to complete action required by that section regarding that information.

31. The Defendant has failed to mark the Plaintiffs credit accounts in dispute. The Defendant has failed to mark this account in dispute in TransUnion and Equifax credit reporting agency since April 2012 and to Experian credit reporting agencies since July 2012 through today. The defendant has not validated the debt to the Plaintiff sending the alleged proof under a name that the Plaintiff has not now, or ever gone by. The Defendant failed to report the debt in dispute to Trans Union and Equifax Credit Agencies from April 2012 to June 2012 and to Experian Credit Agency in June 2012.

32. The Plaintiff demands judgement for $22,000.00.

## FIFTH CAUSE OF ACTION

( Violation of FCRA: Failure to Cease and Desist/ False representation )
*insert title of cause of action*

(As against Defendant(s): 15 USC 1692g, 15 USC 1692e )

33. Plaintiff re-alleges allegations set forth in paragraphs 24 through 26 On or about May 15th 2012 the Plaintiff contacted Kimbal Tirey & St. John by certified US Mail return receipt requested and it was received by Kimbal Tirey & St. John on May 16th 2012. The letter was written in an attempt to resolve the issues identified in this complaint and the Plaintiff instructed the Defendant of the

34. situation and to have someone with responsibility correct these issues and contact the Plaintiff. On or about May 24th 2012 the plaintiff received a letter from one Brooke Potthoff Account Executive requesting the following information from the Plaintiff

1. A copy of police report alleging the theft of identity

35. 2. Copy of Plaintiffs photo identification, drivers license, or SS Card

3. The Plaintiffs rent receipts, rental agreement/lease period of -/- through -/-

4. Affidavit of forgery

This was a letter of continued collection activity in violation of § 809. Validation of debts [15 USC 1692g]. After the defendants had received the requested

36. validation/dispute in May of 2012. Section § 807 False or misleading representations [15 USC 1692e]. There was no consumer warning on the letter "this is an attempt to collect a debt and any information obtained will be used for that purpose".

The Plaintiff demands Judgement in the amount of $2000.00.

# V. CAUSES OF ACTION

## SIXTH CAUSE OF ACTION

(Violation of the Fair Credit Reporting Act: Willful Noncompliance)
*insert title of cause of action*

(As against Defendant(s): 15 U.S.C. § 1681n; 15 U.S.C. § 1681o )

37. Plaintiff re-alleges allegations set forth in paragraphs 33 through 36. Kimball Tirey & St. John who was aware of the situation and failed to mitigate the issue and knowingly and with willful non-compliance and negligent noncompliance pursued continued collection activity. Failed to correct the Plaintiffs credit reports and the erroneous situation after being duly informed of

38. the situation and of the violation of the FCRA and DCPA by having correspondence sent to the Plaintiff. The Defendant also violated under the FCRA section Sec.1681n. Civil liability for willful noncompliance (1)(A) any damages of not less than $100 and not more than $1,000; or (B)in actual damages sustained by the consumer as a result of the failure or the case of liability of a

39. natural person for obtaining a consumer pretenses or knowingly without a permissible purpose, report under false actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater; (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action

40. together with reasonable attorney's fees as determined by the court Under the FCRA Sec.1681o. Civil liability for negligent noncompliance (A) Any person who is negligent in failing to comply with any requirement imposed under that consumer in an amount equal to the sum of (1) any actual damages this title with respect to any consumer is liable to sustained by the consumer as a result of the failure; and (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

41. Defendant demands judgement for punitive damages of $261,781.00. The Plaintiff has contacted by certified U.S. Mail to all three nation credit reporting agencies in these matters Experian, Equifax and Trans Union with letters of dispute and they have responded that they are reporting the information correctly as provided by Kimbal, Tirey & St. John. The Defendants have damaged the Plaintiffs Credit Report, Credit Score and have committed Defamation of Character, PerSe' against the Plaintiff.

42. WHEREFORE, the defendants have violated the Fair Credit Reporting Act and the Debt Collection Practices Act. Plaintiff demands judgment in the amount of $40,000.00, plus all costs of this action along with punitive damages in the amount of $301,781.00 or as the court may allow.

## VI. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests:

40. 1. The Defendant remove any derogatory information and inquires from all three major credit-reporting agencies Trans Union, Equifax and Experian and any other known credit reporting agencies Kimball Tirey & St. John may use.

41. 2. Defendant must also provide a letter and or Universal Data Form indicating that they have done this and send it to the plaintiff.

3. The Defendant will be barred now or in the future from selling or transferring of the alleged debt to any other collection agency or attorney or entity and also

42. barred now and in the future from re-entering this information into the Plaintiffs credit reports.

4. The Defendant must cease and desist further collection activities against the Plaintiff and may not Sell or Transfer the alleged account to any other Collection

43. Agency or Attorney or entity now or in the future.

5. Payment of $40,000.00 for their violations.

6. Payment of $261,781.00 for punative damages.

7. Damages as allowed by the Court.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Dated: 10-12-2012

Sign: _____

Print Name: Joshua Medellin

Plaintiff in pro per

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)
JOSHUA MEDELLIN
4654 E A VENUE S #171
PALMDALE, CA 93552-4454

**DEFENDANTS**
Kimball, Tirey & St. John LLP
7676 Hazard Center Drive, Suite 900-C
San Diego, CA 92108-4515

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Joshua Medellin
4654 East Ave S #171
Palmdale CA 93552
(661) 733-4351

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No    ☑ **MONEY DEMANDED IN COMPLAINT: $** 280,781.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of the Fair Credit Reporting Act and the Debt Collection Practices Act; failed to mark the account in dispute they are reporting erroneous and inaccurate info

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | **IMMIGRATION** | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☑ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: CV12-8751

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                CIVIL COVER SHEET                                Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES COUNTY | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | San Diego County |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_   Date 10-12-12

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |