1 | *Name:* Joshua Medellin

2 | *Address:* 4654 East Ave S #171

3 | Palmdale, CA 93552

4 | *Phone:* (661) 212-5222

5 | Plaintiff In Pro Per

6

FILED
CLERK, U.S. DISTRICT COURT

OCT 1 8 2012

CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

7 | **UNITED STATES DISTRICT COURT**

8 | **CENTRAL DISTRICT OF CALIFORNIA**

9

10 | Joshua Medellin                    ,
  | **Case No:** CV12-8751 GAF (Ex)
  | (To be supplied by the Clerk)

11 | **PLAINTIFF,**
  | **COMPLAINT FOR:**

12 | **vs.**

13 | Kimball Tirey & St. John LLP

14

15

16

17

18 | **DEFENDANT(S).**
  | **Jury Trial Demanded**

19

20

21 | **I. JURISDICTION**

22

   1. This Court has jurisdiction under The Fair Debt Collection Practices

23 | Act 15 U.S.C § 1601, et seq, and The Fair Credit Reporting Act 15 U.S.C § 1681,

24 | et seq. The state of California abides by and adheres to these laws. Thus

25 | establishing the Jurisdiction of this honorable court.

26

27

28

Pro Se Clinic Form

LODGED
CLERK, U.S. DISTRICT COURT

OCT 1 2 2012

CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

1

## II. VENUE

2

3    2.  Venue is proper pursuant to 28 U.S.C § 1391 because the events given

4    rise to this complaint happened in this district.

5

6

7

8

## III. PARTIES

9

10

11

12   3.    Plaintiff's name is Joshua Medellin                    . Plaintiff resides

13   at: 13000 Murphy Lane, Juniper Hills, California 93553.

14

15

16

17

18   4.  Defendant Kimball Tirey & St. John LLP resides at: 7676 Hazard

19   Center Drive, Suit 900-C San Diego, CA 92108-4515

20

21

22

23

24   5. Defendant The Defendant is a 3rd party debt collector.

25

26

27

28

Pro Se Clinic Form                         *Page Number*

# IV. STATEMENT OF FACTS

6   The Plaintiff denies ever having any contractual agreement for

*Insert ¶ #*

credit, loans or services relationship with the Defendants. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question here. But the fact as to how it was or was not validated and the wrongful actions of the Defendant in inserting erroneous and inaccurate information and failure to indicate the account is in dispute in the Plaintiffs credit reports, violated the civil rights of the Plaintiff and the law as outlined in The Fair Credit Reporting Act 15 USC §1681.

7   On or about April 16, 2012 the Defendant contacted the Plaintiff

*Insert ¶ #*

by U.S. mail indicating they had purchased and or transferred an account from Ironwood Management, LLC.

That statement indicated that "If this debt is not satisfied promptly, the debt may be reported to all major credit bureaus as a collection account." This statement overshadowed the plaintiff and violates the Fair Debt Collection Practices Act 15 USC §1692g. By not informing the plaintiff that he had 30 days to dispute the debt.

8   The Plaintiff contacted the Defendant by U.S. Postal Service

*Insert ¶ #*

Certified Mail Return Receipt on May 15, 2012 which the Defendant received on May 16th, 2012 asking for Verification of this alleged account. The Defendant failed to verify according to the Fair Debt Collection Practices Act 15 USC §1692g since the verification sent by the defendant was under another's name. Knowing that the alleged Verification is under another's name the defendant failed to cease and desist and threatened the plaintiff under the Fair Debt Collection Practices Act 15 USC §1692e.

03

*Page Number*

Pro Se Clinic Form

1

2     **9**     The Plaintiff requested a copy of his Credit Report from Experian

*Insert ¶ #*

3 on May 15, 2012 after being denied an apartment lease from Lauren Chacon due

4 to a derogatory mark on his credit report. Upon inspection of the said report the

5 Plaintiff observed that Kimball, Tirey & St. John LLP had reported erroneous and

6 inaccurate information on the plaintiffs credit report on the Plaintiffs TransUnion

7 credit report. Indicating a debt/account due to Longhorn Pavilion Apartments as

8 of April 2012 overshadowing the plaintiff's right to dispute and/or allowing 30

9 days to dispute the debt under the Fair Debt Collections Act 15 USC §1692g.

10

11     **10**     The derogatory erroneous and inaccurate information still remains on

*Insert ¶ #*

12 the Plaintiff's Credit report to date. The Plaintiff has requested confirmation/

13 disputed this alleged account with TransUnion on several occasions and

14 TransUnion has confirmed that they are reporting it correctly as advised by

15 Kimball, Tirey & St. John. The Defendant must also inform notice of dispute to

16 the Major Credit Reporting agencies that the alleged debt is in dispute, which the

17 Defendant has not done. The Defendant has continued reporting erroneous and

18 inaccurate information by updating the Plaintiffs credit report for four months

19

20     **11**     even after sending the Defendant a letter of request of verification

*Insert ¶ #*

21 the accounts have been updated to-date. The Defendant is in violation of the Fair

22 Fair Credit Reporting Act 15 U.S.C. § 1681s-2.

23

24

25

26

27

28

Pro Se Clinic Form

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## V. CAUSES OF ACTION

---

### FIRST CAUSE OF ACTION

( Violation of FDCPA: False or Misleading Representations )

*insert title of cause of action*

**(As against Defendant(s):** 15 USC 1692e

)

---

**12** .   Plaintiff re-alleges the allegations set forth in paragraph 7

*Insert ¶ #*

The Plaintiff has 30 days to respond to this alleged account and the statement

"If this debt is not satisfied promptly, the debt may be reported to all major

credit bureaus as a collection account" indicates that the Plaintiff must contact

them immediately as opposed to the 30 days as allowed by law.


**13** .   (5) The threat to take any action that cannot be legally be taken.

*Insert ¶ #*

(10) The use of any false representation or deceptive means to collect

attempt to collect any debt or to obtain information concerning a consumer.



**14** .   The Plaintiff demands judgement in the amount of $1000.00.

*Insert ¶ #*

Pro Se Clinic Form                    *Page Number*

## SECOND CAUSE OF ACTION

( Violation of Fair Debt Collection Practices Act: Validation of Debt )

*insert title of cause of action*

**(As against Defendant(s):** 15 USC § 1692g

_____ )

15 . Plaintiff re-alleges allegations set forth in paragraphs 8 through 11
*Insert ¶ #*

The Plaintiff contacted the Defendant by U.S. Postal Service Certified Mail Return Receipt on May 15, 2012 which the Defendant received on May 16th, 2012 asking for Verification of this alleged account. The Defendant failed to verify since the alleged verification sent was under another's name.

16 . (b) If the consumer notifies the debt collector in writing within the
*Insert ¶ #*

the 30 day period described in subsection (a)that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any

17 . copy of a judgement, or name and address of the original creditor, is
*Insert ¶ #*

mailed to the consumer by the debt collector.

The Defendant provided erroneous proof of the alleged account and performed continuous collection. This remains in the Plaintiffs credit report to date.

Plaintiff demands judgement in the amount of $6,000.00

Pro Se Clinic Form

# THIRD CAUSE OF ACTION

( Violation of FCRA: Reporting erroneous and inaccurate information )

*insert title of cause of action*

**(As against Defendant(s):** 15 U.S.C. § 1681s-2

_____ )

18   Plaintiff re-alleges allegations set forth in paragraphs 15 through 17

*Insert ¶ #*

(a)Duty of Furnishers of Information to Provide Accurate Information

(1)Prohibition (A) Reporting information with actual knowledge of errors. A

person shall not furnish any information relating to a consumer to any

consumer reporting agency if the person knows or has reasonable cause to

19   believe that the information is inaccurate. (B)Reporting information

*Insert ¶ #*

after notice and confirmation of errors. A person shall not furnish information

relating to a consumer to any consumer reporting agency if  (i) the person

has been notified by the consumer, at the address specified by the person

for such notices, that specific information is inaccurate; and (ii) the

20   information is, in fact, inaccurate. (2)Duty to correct and update

*Insert ¶ #*

information. A person who (A)regularly and in the ordinary course of business

furnishes information to one or more consumer reporting agency about the

person's transactions or experiences with any consumer; and (B)has furnished

to a consumer reporting agency information that the person determines is

Pro Se Clinic Form

21  not complete or accurate, shall promptly notify the consumer

*Insert ¶ #*

reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate. (3)Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting is disputed to such person by a consumer, the person may not furnish the

22  information to any consumer reporting agency without notice that

*Insert ¶ #*

such information is disputed by the consumer.

Kimball Tirey & St. John LLP on the Experian, Trans Union, and Equifax credit reports of Plaintiff does not reflect that the information disputed by the consumer even though the Plaintiff has sent a letter of validation/ dispute to the Defendant and the Defendant responded with proof with a name that the plaintiff has not, nor ever has gone by.

23

*Insert ¶ #*

The Defendant has reported the debt to Equifax and Trans Union credit reporting agencies from April 2012 to October 2012 and reported to Experian credit reporting agencies from July 2012 to October 2012. The Plaintiff demands judgement for $18,000.00.

Pro Se Clinic Form                      *Page Number*

# FOURTH CAUSE OF ACTION

( Violation of FCRA: Failure to mark account in dispute        )

*insert title of cause of action*

**(As against Defendant(s):** 15 U.S.C. § 1681s-2

_____ )

 

   **24**    Plaintiff re-alleges allegations set forth in paragraphs 18 through 23

*Insert ¶ #*

(a)Duty of Furnishers of Information to Provide Accurate Information

(1)Prohibition (A) Reporting information with actual knowledge of errors.  A

person shall not furnish any information relating to a consumer to any

consumer reporting agency if the person knows or has reasonable cause to

 

   **25**    believe that the information is inaccurate. (B)Reporting information

*Insert ¶ #*

after notice and confirmation of errors. A person shall not furnish information

relating to a consumer to any consumer reporting agency if (i) the person

has been notified by the consumer, at the address specified by the person

for such notices, that specific information is inaccurate; and (ii) the

 

   **26**    information is, in fact, inaccurate. (2)Duty to correct and update

*Insert ¶ #*

information. A person who (A)regularly and in the ordinary course of business

furnishes information to one or more consumer reporting agency about the

person's transactions or experiences with any consumer; and (B)has furnished

to a consumer reporting agency information that the person determines is

Pro Se Clinic Form

**27** is not complete or accurate, shall promptly notify the consumer

*Insert ¶ #*

reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate. (3)Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a

**28** consumer, the person may not furnish the information to any

*Insert ¶ #*

consumer reporting agency without notice that such information is disputed by the consumer (b) Duties of Furnishers of Information upon Notice of Dispute (1) In general. After receiving notice pursuant to section 611 (a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall (A) conduct an investigation with respect to the disputed information; (B)review all relevant information provided by the consumer

**29** reporting agency pursuant to section 611(a)(2) [§1681i]; (C)report

*Insert ¶ #*

the results of the investigation to the consumer reporting agency; (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. (2)Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before

10

```
FIFTH CAUSE OF ACTION
( Violation of FCRA: Failure to Cease and Desist/ False representation )
                    insert title of cause of action
(As against Defendant(s): 15 USC 1692g, 15 USC 1692e
_____ )
```

33    Plaintiff re-alleges allegations set forth in paragraphs 24 through 26
*Insert ¶ #*

On or about May 15th 2012 the Plaintiff contacted Kimbal Tirey & St. John by
certified US Mail return receipt requested and it was received byKimbal Tirey &
St. John on May 16th 2012. The letter was written in an attempt to resolve the
issues identified in this complaint and the Plaintiff instructed the Defendant of the

34    situation and to have someone with responsibility correct these
*Insert ¶ #*

issues and contact the Plaintiff. On or about May 24th 2012 the plaintiff received
a letter from one Brooke Potthoff Account Executive requesting the following
information from the Plaintiff
1. A copy of police report alleging the theft of identity

35    2.Copy of Plaintiffs photo identification, drivers license, or SS Card
*Insert ¶ #*

.3. The Plaintiffs rent receipts, rental agreement/lease period of -/- through -/-
4. Affidavit of forgery
This was a letter of continued collection activity in violation of § 809. Validation
of debts [15 USC 1692g]. After the defendants had received the requested

1

2   **30** .   the expiration of the period under section 611(a)(1) [§ 1681i]
    *Insert ¶ #*

3   within which the consumer reporting agency is required to complete action

4   required by that section regarding that information.

5

6

7

8

9

10

11  **31** .   The Defendant has failed to mark the Plaintiffs credit accounts in
    *Insert ¶ #*

12  dispute. The Defendant has failed to mark this account in dispute in TransUnion

13  and Equifax credit reporting agency since April 2012 and to Experian credit

14  reporting agencies since July 2012 through today. The defendant has not

15  validated the debt to the Plaintiff sending the alleged proof under a name that the

16  Plaintiff has not now, or ever gone by. The Defendant failed to report the debt

17  in dispute to Trans Union and Equifax Credit Agencies from April 2012 to

18  June 2012 and to Experian Credit Agency in June 2012.

19

20  **32** .   The Plaintiff demands judgement for $22,000.00.
    *Insert ¶ #*

21

22

23

24

25

26

27

28

11

Pro Se Clinic Form                    *Page Number*

36      validation/dispute in May of 2012. Section § 807 False or misleading

*Insert ¶ #*

representations [15 USC 1692e]. There was no consumer warning on the letter "this is an attempt to collect a debt and any information obtained will be used for that purpose".

The Plaintiff demands Judgement in the amount of $2000.00.

*Insert ¶ #*

*Insert ¶ #*

13

# V. **CAUSES OF ACTION**

## **SIXTH CAUSE OF ACTION**

( Violation of the Fair Credit Reporting Act: Willful Noncompliance )

*insert title of cause of action*

(**As against Defendant(s):** 15 U.S.C. § 1681n; 15 U.S.C. § 1681o

_____ )

37. Plaintiff re-alleges allegations set forth in paragraphs 33 through 36.

*Insert ¶ #*

Kimball Tirey & St. John who was aware of the situation and failed to mitigate the issue and knowingly and with willful non-compliance and negligent noncompliance pursued continued collection activity. Failed to correct the Plaintiffs credit reports and the erroneous situation after being duly informed of

38. the situation and of the violation of the FCRA and DCPA by having

*Insert ¶ #*

correspondence sent to the Plaintiff. The Defendant also violated under the FCRA section Sec.1681n. Civil liability for willful noncompliance (1)(A) any damages of not less than $100 and not more than $1,000; or (B)in actual damages sustained by the consumer as a result of the failure or the case of liability of a

39. natural person for obtaining a consumer pretenses or knowingly

*Insert ¶ #*

without a permissible purpose, report under false actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater; (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action

40      together with reasonable attorney's fees as determined by the court

*Insert ¶ #*

Under the FCRA Sec.1681o. Civil liability for negligent noncompliance (A) Any person who is negligent in failing to comply with any requirement imposed under that consumer in an amount equal to the sum of (1) any actual damages this title with respect to any consumer is liable to sustained by the consumer as a result of the failure; and (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.


41      Defendant demands judgement for punitive damages of $261,781.00.

*Insert ¶ #*

The Plaintiff has contacted by certified U.S. Mail to all three nation credit reporting agencies in these matters Experian, Equifax and Trans Union with letters of dispute and they have responded that they are reporting the information correctly as provided by Kimbal, Tirey & St. John.

The Defendants have damaged the Plaintiffs Credit Report, Credit Score and have committed Defamation of Character, PerSe' against the Plaintiff.


42      WHEREFORE, the defendants have violated the Fair Credit

*Insert ¶ #*

Reporting Act and the Debt Collection Practices Act, Plaintiff demands judgment in the amount of $40,000.00, plus all costs of this action along with punitive damages in the amount of $301,781.00 or as the court may allow.

15

## VI. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests:

40. 1.The Defendant remove any derogatory information and inquires
*Insert ¶ #*
from

all three major credit-reporting agencies Trans Union, Equifax and Experian and

any other known credit reporting agencies Kimball Tirey & St. John may use.

41. 2. Defendant must also provide a letter and or Universal Data Form
*Insert ¶ #*
indicating that they have done this and send it to the plaintiff.

3. The Defendant will be barred now or in the future from selling or transferring

of the alleged debt to any other collection agency or attorney or entity and also

42. barred now and in the future from re-entering this information into
*Insert ¶ #*
the Plaintiffs credit reports.

4. The Defendant must cease and desist further collection activities against the

Plaintiff and may not Sell or Transfer the alleged account to any other Collection

43. Agency or Attorney or entity now or in the future.
*Insert ¶ #*
5. Payment of $40,000.00 for their violations.

6. Payment of $261,781.00 for punative damages.

7. Damages as allowed by the Court.

16
─────
*Page Number*

1

## VII. <u>DEMAND FOR JURY TRIAL</u>

2

3

4        Plaintiff hereby requests a jury trial on all issues raised in this complaint.

5

6

7                        Dated: _10-12-2012_____

8

9

10                       Sign: _____

11                       Print Name: _Joshua Medellin_____

12                              Plaintiff in pro per

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              17
                        _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV12- 8751 GAF (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)         NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Joshua Medellin
4654 East Ave S. Apt 171
Palmdale CA 93552

FOR OFFICE USE ONLY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Joshua Medellin

PLAINTIFF(S)

v.

Kimball, Tirey & ST. John LLP

DEFENDANT(S).

CASE NUMBER

CV12·8751 GAF (Ex)

SUMMONS

TO:      DEFENDANT(S):

         A lawsuit has been filed against you.

         Within  21  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  Joshua Medellin , whose address is  4654 East Ave S. Apt 171, Palmdale CA 93552 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

                                            Clerk, U.S. District Court

         OCT 1 8 2012

Dated: _____            By: _____

         SHEA BOURGEOIS
         Deputy Clerk

         Seal of the Court
         1184

FOR OFFICE USE ONLY

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)<br>JOSHUA MEDELLIN<br>4654 E A-VENUE S #171<br>PALMDALE, CA 93552-4454 | **DEFENDANTS**<br>Kimball, Tirey & St. John LLP<br>7676 Hazard Center Drive, Suite 900-C<br>San Diego, CA 92108-4515 |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Joshua Medellin<br>4654 East Ave S #171<br>Palmdale CA 93552<br>(661)733-4351 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No    ☑ **MONEY DEMANDED IN COMPLAINT: $** 280,781.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of the Fair Credit Reporting Act and the Debt Collection Practices Act; failed to mark the account in dispute they are reporting erroneous and inaccurate info

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☑ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12·8751

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES COUNTY | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | San Diego County |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  10-12-12

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |