UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-08751 GAF (Ex) | Date | November 27, 2013 |
|---|---|---|---|
| Title | Joshua Medellin v. Kimball, Tirey & St. John LLP | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      (In Chambers)

## ORDER RE: MOTION TO DISMISS

### I.
### INTRODUCTION & BACKGROUND

   This action arises from the alleged unfair debt collection and credit reporting practices of Defendant Kimball Tirey & St. John LLP ("Defendant" or "KTS"). (Docket No. 50 [First Am. Complaint ("FAC")].) Plaintiff Joshua Medellin ("Plaintiff" or "Medellin"), proceeding pro se and in forma pauperis, alleges various violations of the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"). Chiefly, Medellin argues that KTS failed to properly notify him of the ability to dispute his debt and failed to properly verify his debt. (FAC ¶¶ 11, 27(c).) Medellin further alleges that Defendant reported erroneous and inaccurate information to credit reporting companies, and failed to report the debt as in dispute. (Id. ¶¶ 13, 44(b).) He seeks over $285,000 in damages. (Id. ¶ 54.)

   Plaintiff maintains that he received a letter from Defendant in April 2012 (the "April Letter"), which warned him that KTS had purchased a debt of his and that if the debt was not "satisfied promptly" it would be reported to the major credit bureaus. (Id. ¶¶ 13, 27(c).) Medellin claims that he was not informed at this time that he had 30 days to dispute the debt, in violation of the FDCPA. (Id. ¶ 27(c).)

   Plaintiff states that the following month, May 2012, he asked Defendant for verification of this debt. (Id. ¶ 12.) He contends that the response he received was improper because it "identified the wrong debtor and was therefore an improper validation of the debt." (Id. ¶ 11.) Medellin says that he also requested a copy of his credit report from one of the major credit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-08751 GAF (Ex) | Date | November 27, 2013 |
|---|---|---|---|
| Title | Joshua Medellin v. Kimball, Tirey & St. John LLP | | |

bureaus in May 2012. (Id. ¶ 13.) Based on this report, he asserts that KTS disclosed an "erroneous debt" to the agency. (Id.) Further, he charges that Defendant has failed to notify the credit bureaus that the debt is in dispute, in violation of both the FDCPA and the FCRA. (Id. ¶ 44(b).) Plaintiff does not know how long this inaccurate information has been provided to credit bureaus. (Id.)

KTS moves to dismiss Medellin's FDCPA claims, arguing that Plaintiff has failed to state a cause of action that would entitle him to relief. (Docket No. 54, [Mot. to Dismiss ("Mem.")] at 2–3.) Contrary to Defendant's assertions, Plaintiff's First Amended Complaint is not ambiguous. Accordingly, and for the reasons set forth below, the Court **DENIES** Defendant's Motion to Dismiss.

**II.
DISCUSSION**

**A. LEGAL STANDARD FOR F.R.C.P. 12(B)(6) MOTION TO DISMISS**

A complaint may be dismissed if it fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). On a motion to dismiss under Rule 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint, and construe them "in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120–21 (9th Cir. 2007). Dismissal under Rule 12(b)(6) may be based on either (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984)).

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to allow a complaint to survive a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 566 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not sufficiently established that the pleader is entitled to relief. Id. at 679.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-08751 GAF (Ex) | Date | November 27, 2013 |
|---|---|---|---|
| Title | Joshua Medellin v. Kimball, Tirey & St. John LLP | | |

    A complaint generally need not contain detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation, alteration, and internal quotations omitted). Similarly, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). That is, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions . . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 678–79; see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

**B. APPLICATION**

    Plaintiff alleges violations under three sections of the FDCPA: 15 U.S.C. § 1692c, § 1692e, and § 1692g. As explained in detail below, the Court **DENIES** Defendant's motion to dismiss these FDCPA claims.

    Medellin's FDCPA claims each rest on one of three assertions. First, that KTS did not notify Plaintiff that he had 30 days within which to respond to the April Letter. (FAC ¶ 27(c).) Second, that Defendant sent a verification of Medellin's debt which "identified the wrong debtor and was therefore an improper validation of the debt." (Id. ¶ 11.) And third, that Defendant received a letter from Plaintiff disputing the debt, but did not subsequently notify credit bureaus of the dispute. (Id. ¶ 44(b).) Each of these contentions would amount to a violation of Section 1692g. In addition, Medellin claims that Defendant's threat to take action if his debt was "not satisfied promptly" was a "threat to take [] action that cannot legally be taken," in violation of Section 1692e. (Id. ¶ 33(c).)

    In response, Defendant attacks the underlying assertions. Defendant also asserts that, given the guidance provided in Townsend v. Chase Bank, USA, N.A., et al., 2009 U.S. Dist. LEXIS 13116 (C.D. Cal. Feb. 15, 2009), none of the FDCPA claims have been pled with sufficient particularity as to the date, contents and person making each alleged communication that purportedly violates the FDCPA. Id. at *6–7; but see Renteria v. Nationwide Credit, Inc., 2009 U.S. Dist. LEXIS 76529, at *4 (S.D. Cal. Aug. 27, 2009) (rejecting Townsend and declining to subject FDCPA claims to a heightened pleading standard).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-08751 GAF (Ex) | Date | November 27, 2013 |
|---|---|---|---|
| Title | Joshua Medellin v. Kimball, Tirey & St. John LLP | | |

  *a. Violation of Section 1692g(a):  Failure to Notify of 30-Day Window in the April Letter*

  As Defendant points out, debtors need only be notified that they have 30 days within which to dispute a claim following "initial communications" from debt collectors.  (Mem. at 7; see 15 U.S.C. § 1692g(a).)  KTS argues that—because the FAC does not allege that the April Letter was an "initial communication" within the meaning of Section 1692g(a)—failing to notify Plaintiff of the 30-day window in the April Letter does not create a claim.  (Mem. at 7.)  Defendant also notes that the April Letter appears on its face not to be an initial communication.  (Id.)  The April Letter's opening line recites KTS's "disappointment" that Medellin had ignored an "original demand for payment."  (FAC, Ex. 2 [April Letter].)  Finally, Defendant professes that Plaintiff has "failed to allege that KTS did not send a statement within five [] days of the initial communication."  (Mem. at 7.)

  The relevant communication for purposes of the notice requirements in Section 1692g(a) is, as KTS describes, the initial communication.  See, e.g., Peterson v. Portfolio Recovery Assocs., LLC, 430 Fed. App'x. 112, 114 (3d Cir. 2011); Ehrich v. RJM Acquisitions LLC, 2009 U.S. Dist. LEXIS 113929, at *2 (E.D.N.Y. Dec. 4, 2009) ("Any letters after [the first communication between a debt collector and a consumer] are irrelevant for purposes of the notice requirement in Section 1692g(a).")  However, contrary to Defendant's assertion, Plaintiff does claim that the April Letter was the first letter he received.  (FAC ¶¶ 8, 27(b).)  He expressly states that "Defendant never [c]ommunicated with the Plaintiff before the April Letter."  (Id. ¶ 27(b).)  In light of Medellin's recitation that he received no letter prior to April 2012, the mere possibility that another communication may exist is insufficient to warrant dismissal of Plaintiff's claims at this time.  This is especially true since Defendant has not actually asserted that it contacted Medellin prior to sending the April Letter.  Rather, KTS simply points out potential problems with interpreting the April Letter as an initial communication. (Mem. at 7.)  But these problems are not insurmountable, and Plaintiff has therefore adequately pled that the April Letter was an initial communication.

  Plaintiff has also complied with the heightened pleading standards discussed in Townsend, 2009 U.S. Dist. LEXIS 13116 at *6–7, assuming without deciding that Townsend was correctly decided.  Medellin identifies the date and describes the contents of the April Letter; he also identifies the sender of that letter as "David Tee."  See id.  Accordingly, Plaintiff has successfully pled a violation of Section 1692g(a) based on Defendant's alleged failure to notify him that he had 30 days within which to dispute the debt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-08751 GAF (Ex) | Date | November 27, 2013 |
|---|---|---|---|
| Title | Joshua Medellin v. Kimball, Tirey & St. John LLP | | |

### b. *Violation of Section 1692g(b): Improper Verification*

KTS attacks Plaintiff's second assertion by saying that "it is substantially unclear exactly what Plaintiff is alleging" when he states that the verification of his debt was improper. (Mem. at 6.) Defendant complains that Medellin's unclear language makes it equally possible that (1) "[t]he verification identified the wrong creditor," or (2) "[t]he verification identified the wrong debtor." (Id.) It is not clear that KTS has read the operative complaint.

Defendant apparently believes that the FAC only states that an improper verification was "sent under another's name." (Id.) This was indeed the language Plaintiff used in his initial Complaint. (See Docket No. 1 [Complaint] ¶¶ 8, 15.) But the FAC is quite a bit more specific: the verification "identified the wrong debtor and was therefore an improper validation of the debt." (FAC ¶ 11.) Plaintiff has even attached a document to the FAC which he describes as the verification upon which KTS relied. (Id. at Ex. 6 [Verification].) Plaintiff's name appears nowhere. Accordingly, Defendant's argument that it is unclear whether Medellin was alleging the misidentification of a creditor or a debtor must fail.

A separate assault on Plaintiff's FAC similarly lacks merit. Defendant contends that the FDCPA does not authorize a cause of action arising from a verification that "contains the wrong information for either the creditor or the debtor." (Mem. at 6–7.) The Court previously rejected an identical argument in an earlier order in this case. (Docket No. 41, [9/27/13 Order] at 6.) A review of reported cases reveals a number of decisions premised on the notion that plaintiffs may bring a suit for failure to comply with the verification provisions of Section 1692g when debt collectors commence collection activities following this failure. See Isham v Gurstel, Staloch & Chargo, P.A., 738 F Supp 2d 986, 997 (D. Ariz. 2010) (granting summary judgment for plaintiff when defendant commenced collection activities without providing proper verification of debt validity); Anderson v Frederick J. Hanna & Assocs., 361 F Supp 2d 1379 (N.D. Ga. 2005) (granting summary judgment for plaintiff when defendant failed to provide verification upon plaintiff's request); Dunham v. Portfolio Recovery Assocs., LLC, 663 F3d 997 (8th Cir. 2011) (finding defendant not liable for failure to verify because defendant's letter sufficiently notified plaintiff that he was not the person who owed money).

Defendant's only remaining defense to this claim, then, is its general objection to all of Plaintiff's FDCPA claims: that he has not pled with sufficient particularity in light of Townsend. (Mem. at 4–5.) But again, to the extent they are necessary, Plaintiff has complied with the guidelines discussed in Townsend. He identifies the date the improper verification was received—May 24, 2012—as well as the sender. (FAC ¶ 10.) As described above, he also relates the contents of the offending verification. Accordingly, Plaintiff has successfully pled a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-08751 GAF (Ex) | Date | November 27, 2013 |
|---|---|---|---|
| Title | Joshua Medellin v. Kimball, Tirey & St. John LLP | | |

violation of Section 1692g(b) based on the allegedly improper verification of his debt.

### c. *Violation of Section 1692e: Threat to Take Action that Cannot Legally Be Taken, and Use of False Representation*

Plaintiff makes three claims for a violation of Section 1692e, two of which are contested here.[1] First, he claims that KTS violated Section 1692e(5), which prohibits "threat[ening] to take any action that cannot legally be taken." 15 U.S.C. § 1692e(5). And second, he asserts that Defendant used "false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10). Again Defendant mischaracterizes the allegations supporting these claims.

KTS announces that "Plaintiff includes absolutely no detail as to what threat was lodged by KTS" in violation of Section 1692e(5). (Mem. at 8.) But as Medellin plainly argues, Defendant threatened to report the debt "to all major credit bureaus as a collection account." (FAC ¶ 13.) If KTS had previously violated Section 1692g, reporting the debt to a credit bureau may have been illegal. Compare Koller v. W. Bay Acquisitions, LLC, 2012 U.S. Dist. LEXIS 49712, at *12 (N.D. Cal. Apr. 9, 2012) (threatening to report a debt to credit bureaus gave rise to a cause of action). Plaintiff has therefore adequately stated a claim for a violation of Section 1692e(5).

Similarly, Defendant says that Medellin "has failed to indicate what false or deceptive means to collect the debt were employed." (Mem. at 8.) While Plaintiff's recitation of the "false or deceptive means" used by KTS could certainly be more clear, the FAC makes sufficient allegations to support this claim. Most notably, Medellin asserts that Defendant told him it would report the debt to credit agencies, when in fact it had already been reported.[2] (FAC ¶ 33(e).) The threat of reporting could certainly have been made in an attempt to collect the debt and, if it were no longer possible for Defendant to carry out its threat by virtue of the fact that the debt had already been reported, the statement could be considered deceptive as well. Accordingly, Plaintiff has successfully pled a violation of both Section 1692e(5) and Section

---

[1] In addition to the contested claims, Plaintiff alleges a violation of Section 1692e(8), for communicating "credit information which is known or which should be known to be false." (FAC ¶ 33(d).) KTS does not mention this allegation at any point during its discussion of Medellin's Section 1692e claims. (See Mem. at 7–8.)

[2] Incidentally, this may also be sufficient to support a claim under a different prong of Section 1692e(5), which makes it a violation to threaten to take an action "that is not intended to be taken." 15 U.S.C. § 1692e(5). Defendant could not have 'intended' to report the debt if in fact it had already done so.

LINK: 54

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-08751 GAF (Ex) | Date | November 27, 2013 |
|---|---|---|---|
| Title | Joshua Medellin v. Kimball, Tirey & St. John LLP | | |

1692e(10).

### d. Violation of Section 1692c: Failure to Cease Communications

Finally, Defendant apparently moves to dismiss Medellin's claim under Section 1692c. This Section makes it a violation to communicate with a debtor after he has notified the debt collector that he "wishes the debt collector to cease further communication," except under certain circumstances. 15 U.S.C. § 1692c(c). However, while KTS states in the introduction to its motion that Plaintiff "has failed to set forth sufficient facts to state a cognizable claim" under this Section, the issue is never again mentioned. (Mem. at 3.) As Plaintiff points out, "[s]ince the Defendant gives no more than th[is] vague reason why Plaintiff's Sixth Cause [of Action] should be dismissed the Court should not dismiss" the Section 1692c claim. (Docket No. 59, [Opp. to Mot. to Dismiss ("Opp.")] at 7.)

The Federal Rules of Civil Procedure require that all motions "state with particularity the grounds for seeking" the relief requested. Fed. R. Civ. P. 7(b). Defendant has simply restated the rule requiring dismissal of a claim without making any effort to apply it to the facts of this case. The request therefore cannot be entertained.

### V.
### CONCLUSION

Plaintiff's First Amended Complaint is not ambiguous. The causes of action challenged by Defendant are each adequately supported by Plaintiff's allegations. Accordingly, and for the reasons set forth above, the Court **DENIES** Defendant's Motion to Dismiss. The hearing presently scheduled for December 2, 2013, is hereby **VACATED**.

**IT IS SO ORDERED.**